UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL M. BRETTING,**

    Plaintiff,

vs.

**EASTERN MICHIGAN UNIVERSITY**

    Defendant.

_____/

Case No.: 03-73256

HON. JOHN CORBETT O'MEARA

MAGISTRATE JUDGE MORGAN

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
JOSEPH A. GOLDEN (P14105)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, MICHAEL M. BRETTING, by and through his attorneys, SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C., complains against the Defendant as follows:

### PARTIES

1. Plaintiff, MICHAEL M. BRETTING, is a citizen of the State of Michigan, residing in the City of Ann Arbor, in Washtenaw County.

2. Defendant, EASTERN MICHIGAN UNIVERSITY, is a state University employing people and doing business within the State of Michigan and is subject to the jurisdiction of this Court.

3. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

4. On July 1, 1993, Plaintiff began working for Defendant as an Associate Dean.

5. At all relevant times Plaintiff performed his job duties in a manner that was satisfactory or better.

6. On or about September 4, 2002, Plaintiff was denied a promotion to the position of Assistant Vice-President for Academic Administrative Services.

7. Prior to the denial of his promotion, the Provost of Defendant had announced that he "wanted a woman" to fill that position.

8. The woman awarded the position of Assistant Vice-President for Academic Administrative Services, Nina Contis, was less qualified for the position than Plaintiff.

9. Plaintiff filed a complaint with the EEOC on November 7, 2002.

10. The EEOC issued a finding on March 17, 2003 that there is reason to believe that a violation of Plaintiff's civil rights occurred.

11. Plaintiff received a Right to Sue letter from the EEOC dated May 27, 2003.

## COUNT I

### VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT

12. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

13. At all material times Plaintiff was an employee and Defendant was his employer, covered by and within the meaning of the Michigan Elliott Larsen Civil Rights Act, MCLA 37.2101 et seq, MSA 3.548(101) et seq.

14. Plaintiff's gender was at least one primary factor that made a difference in Defendant's decision not to promote him.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

15. Defendant, through its agents, representatives and employees, was pre-disposed to discriminate on the basis of gender and acted in accordance with that pre-disposition.

16. Defendant's actions were intentional and in disregard for Plaintiff's rights and sensibilities.

17. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity, loss of career opportunity, humiliation and embarrassment, mental and emotional distress, together with interest, costs and attorney fees.

**WHEREFORE**, Plaintiff asks that this Honorable Court enter a Judgment in his favor, and against Defendants in whatever amount is shown to be established by the proofs in this cause.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

## COUNT II

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

18. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. At all material times Defendant was an employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964 as amended.

20. Plaintiff's gender was a factor that made a difference in Defendant's decision to deny him a promotion.

21. Defendant, by its agents, representatives and employees was predisposed to discriminate on the basis of gender and acted in accordance with that predisposition.

22. Defendant's actions were intentional, with reckless indifference to Plaintiff's gender and sensibilities.

23. As a direct and proximate result of Defendant's wrongful act, Plaintiff has sustained loss of back and front pay, future earning capacity and fringe benefits, loss of professional reputation and mental and emotional distress, together with interest, costs and attorney fees.

WHEREFORE, Plaintiff asks that this Court enter its Judgment for Plaintiff and against Defendant in whatever amount is shown to be established by the proofs in this case.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

SOMMERS, SCHWARTZ, SILVER
& SCHWARTZ, P.C.

By: *[signature]*
JOSEPH A. GOLDEN (P14105)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300

Dated: August 26, 2003

4